UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
DIVISION

---

| | |
|---|---|
| **TAWANA HENDERSON AS TRUSTEE FOR THE NEXT-OF-KIN OF MARK ERIC HENDERSON**, | Court File No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **JURY TRIAL REQUESTED** |
| **CITY OF WOODBURY, OFFICER ANTHONY OFSTED** (in his individual and official capacity), **OFFICER NATALIE MARTIN** (in her individual and official capacity), **OFFICER STACY KRECH** (in her individual and official capacity), | |
| Defendants. | |

---

Plaintiff, by her attorney, The Law Firm of Stephen L. Smith, PLLC, brings this action seeking relief from defendants' unlawful practices, stating the following as her claims against defendants.

## JURISDICTION AND VENUE

1.   This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under the Civil Rights Act of 1871, Title 42, §1983 to redress and enjoin the illegal practices alleged in this Complaint.  This Court also has supplemental jurisdiction over plaintiff's state law claim pursuant to Title 28, United States Code, §1367.

2.     Venue is proper in the District of Minnesota because Defendant City of Woodbury is located in this district, the other individually named defendants are employed in this district, and the incidents in question occurred in this district.

## PARTIES

3.     Plaintiff Tawana Henderson ("plaintiff or Tawana Henderson") is an African-American citizen of the United States, and at all times relevant hereto was a resident of Ramsey County, Minnesota.  She brings this action as trustee for decedent Mark Henderson's next-of-kin.  She was appointed trustee by an Order of the Hennepin County District Court, dated December 16, 2014.

4.     Defendant City of Woodbury ("City") is a municipal corporation within Washington County and at all times relevant to this matter employed the defendant police officers.

5.     Defendant Anthony Ofstead ("Ofstead") has been a police officer with the Woodbury Police Department at all times relevant to this matter.

6.     Defendant Natalie Martin ("Martin") has been a police officer with the Woodbury Police Department at all times relevant to this matter.

7.     Defendant Stay Krech ("Krech") has been a police officer with the Woodbury Police Department at all times relevant to this matter.

## FACTUAL ALLEGATIONS

8.     On August 30, 2012, Demetrius Ballinger ("Ballinger") drove six people to the Red Roof Inn located at 1806 Wooddale Drive in Woodbury, Minnesota.  Ballinger's friend, 19-year old Gerald Victor ("Victor") had rented a room there.  Four men, including the decedent, Mark Henderson ("Henderson"), and two young girls were in the car.  They bought some alcohol and invited some additional girls to the hotel room. They were in room #217 on the second floor,

which was several rooms away from a breezeway or opening that had stairs leading to the parking lot.  There also were rooms on the other side of this breezeway that ran the length of the balcony.

9.     Ballinger apparently made several trips to the motel to drop people off.  He became frustrated when his car overheated after the last trip.  The fact that his fiancé had kicked him out of the house did not help matters.  As he later explained to the police, he walked to two nearby gas stations with the intent to rob the first patron or carjack the first vehicle that showed up.  He walked back to the motel when no patrons showed up after approximately twenty minutes.

10.     Ballinger returned to the room, drank some vodka, and smoked some marijuana.  He then impulsively decided to rob everyone in the room, just for "something to do."  He pointed a 9mm semiautomatic handgun at the occupants of the room and ordered them to place their personal belongings on one of the beds.  One of the girls in the room apparently dialed 911 before relinquishing her phone.

11.     Woodbury police responded to the call.  At some point during this ordeal, Ballinger looked out of the window and saw Woodbury Police Officer Natalie Martin ("Martin") immediately in front of it.  He pointed his gun at her and she instinctively moved away from the window, as she and other officers yelled that he had a gun.  Martin and Woodbury Police Officer Stacey Krech ("Krech") took cover in the breezeway.  Another officer moved to the opposite end of the balcony, and Woodbury Police Officer Anthony Ofstead ("Ofstead") joined Martin and Krech in the breezeway a few minutes later.

12.     As the officers observed the room from their respective positions, Henderson suddenly ran out of it in an attempt to escape what had become a hostage situation.  He turned left and ran toward the breezeway.  He slowed down to a hurried walk and raised his hands when

3

he became aware of the officers near the breezeway.  None of the officers observed Henderson

with a gun or any other weapon, and he was in fact unarmed.  Nevertheless, all three officers

fired multiple rounds at Henderson.  A witness heard him exclaim, "I can't believe you shot me."

One of the female officers responded with, "Oh my God!"  Henderson died from his gunshot

wounds shortly thereafter.

<u>**COUNT I**</u>

**UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT
AND THE CIVIL RIGHTS ACT OF 1871, Title 42 United States Code, §1983**

13.     Plaintiff restates and realleges the foregoing paragraphs as though set forth here in full.

14.     The conduct described above will establish that defendant officers, in their individual

capacity, violated decedent Henderson's Fourth Amendment rights by using excessive force to

affect his arrest.

15.     Defendant officers, acting under color of state law, deprived decedent Henderson of his

constitutional rights guaranteed by the Fourth Amendment.  By this conduct, they violated the

Civil Rights Act of 1871, 42 United States Code, §1983.

16.     The conduct of the defendant officers was intentional, deliberate, willful, and

conducted in callous disregard of, and gross indifference to Henderson's constitutional rights.

17.     By reason of their unlawful conduct described above, Henderson lost his life.

18.     Henderson's next-of-kin are entitled to recover all amounts owing under the Civil

Rights Act of 1871, 42 United States Code, §1983, including liquidated damages against the

defendant officers in their individual capacity for willful violation of this law.

## COUNT II

**WRONGFUL DEATH**
**Minn. Stat. § 573.02**

19.     Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

20.     Defendants acted in a negligent, careless, reckless, and illegal manner, causing decedent Henderson's death when they shot him multiple times.

21.     As a direct and proximate result of defendants' careless and unreasonable physical force, Henderson was killed.

22.     As a direct and proximate result of defendants' negligent conduct, Smith's next-of-kin have suffered damages enumerated in Minn. Stat. § 573.02 in an amount in excess of seventy five thousand dollars ($75,000).

## COUNT III

**VICARIOUS LIABILITY**

23.     Plaintiff restates and realleges the foregoing paragraphs as though set forth here in full.

24.     The City of Woodbury is liable for its police officers' negligent conduct under Minn. Stat. § 573.02 because they were acting within the scope of their employment when they caused decedent Henderson's death.

25.     The officers' conduct occurred during working hours while conducting official business.

26.     The officers' illegal conduct during the course and scope of their employment is imputable to the City of Woodbury as its agents under the vicarious liability doctrine.

5

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays for the following:

27.     That the practices of the officers in their individual capacity complained of herein be adjudged in violation of the rights secured by decedent Henderson under the Fourth Amendment.

28.     That the practices of the officers in their official and individual capacity complained of herein be adjudged in violation of Minn. Stat. § 573.02.

29.     That the City of Woodbury is vicariously liable for its officers' conduct adjudged in violation of Minn. Stat. § 573.02.

30.     That a permanent injunction be issued prohibiting the officers from engaging in unreasonable seizures in violation of the Fourth Amendment.

31.     That plaintiff, on behalf of Henderson's next-of-kin, is awarded compensatory damages in an amount to be established at trial.

32.     That plaintiff, on behalf of Henderson's next-of-kin, is awarded damages for mental anguish, pain and suffering in an amount to be established at trial.

33.     That plaintiff, on behalf of Henderson's next-of-kin, is awarded punitive damages against the officers in their individual capacity under the Civil Rights Act of 1871, 42 U.S.C. §1983.

34.     That the Court award plaintiff her attorney's fees and the costs and expenses of this action.

35.     That the Court awards such other and further relief as it may deem just and equitable in the premises.

Dated: August 19, 2015                                 **The Law Firm of Stephen L. Smith, PLLC**

                                          *s/Stephen L. Smith*
                                        Stephen L. Smith, #190445
                                        900 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN  55402
                                        Telephone: (612) 305.4355

                                        ATTORNEYS FOR PLAINTIFF